IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JANIE MAE COLLINS,

        Plaintiff,

v.

HOUSING INITIATIVES,

        Defendant.

OPINION AND ORDER

Case No.   19-cv-847-wmc

---

*Pro se* plaintiff Janie Mae Collins has filed a proposed civil complaint related to her unsuccessful efforts to receive reimbursement for her rent from defendant Housing Initiatives.  Since Collins seeks to proceed without prepayment of the filing fee, the court is required to screen her complaint under 28 U.S.C. § 1915(e)(2) to determine whether she may proceed.  Because she is a *pro se* litigant, she is held to a "less stringent standard" in crafting pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even under a relaxed pleading standard, however, Collins may not proceed with her proposed federal lawsuit but the court will give her the opportunity to amend her complaint before dismissing it.

ALLEGATIONS OF FACT

Collins' proposed claim in this lawsuit relates to her failed effort to receive rent assistance from Housing Initiatives, an organization that provides housing assistance for individuals suffering from severe mental illness.  Collins alleges that on August 23, 2017, she and her husband moved into an apartment with the understanding that Housing Initiatives would pay 30% of the rent because Housing Initiatives had accepted them into

a program that provides housing assistance for individuals with mental illness.  However, after they did not receive the 30%, they initiated a court proceeding.  Collins does not provide details about that proceeding, but she alleges that on June 5, 2018, a person named Tony Castaneda told them they were not accepted into the program, and thus would be responsible for paying the full amount of their rent.  Subsequently, Collins wrote letters complaining that she did not receive the subsidy, and apparently Housing Initiatives decided they wanted her to move out.  Publicly available state court records show that Housing Initiatives brought a small claims proceeding against Collins and Tim Collins (presumably her husband).  *See Housing Initiatives v. Collins*, Case No. 2019SC004851 (Dane Cty. filed July 17, 2019).  Those records show that the parties to that proceeding entered into stipulation, with a note from August 23, 2019, that Collins would "vacate by 11:59 p.m. on 3-31-2020-cs." *Id.*

OPINION

A federal court is one of limited jurisdiction.  Generally, this court may only consider cases:  (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332.

As an initial matter, this court may not exercise jurisdiction under 28 U.S.C. § 1332. To the extent Collins wants to pursue a state law contract claim related to an alleged agreement with Housing Initiatives, the complaint does not meet the requirements for diversity jurisdiction since Collins alleges that both she and Housing Initiatives are citizens

of Wisconsin.  Additionally, Collins fails to allege that the amount in controversy in this case is greater than $75,000.

Moreover, plaintiff does not invoke any federal law or constitutional right that would provide this court with jurisdiction under § 1331.  In fairness, construing her allegations broadly, Collins' allegations about receiving rent assistance does raise a question as to whether she was the recipient of federal housing assistance.  Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437 *et seq.*, provides that a rent assistance program is to be run and regulated by the United States Department of Housing and Urban Development ("HUD").  *Chesir v. Hous. Auth. City of Milwaukee*, 801 F. Supp. 244, 246 (E.D. Wis. 1992).  Under this Section 8 program, public housing authorities must comply with regulations promulgated by the Department of Housing and Urban Development.  24 C.F.R. § 982.52(a).  Moreover, the Department's regulations have the force of law and, if sufficiently specific and definite, they qualify as enforceable rights under 42 U.S.C. § 1983.  *Wright v. City of Roanoke Redevelopment & Hous. Auth.*, 479 U.S. 418, 431 (1987) (allowing tenants to use § 1983 to recover past overcharges violating rent-ceiling provision of Public Housing Act); *see also Price v. Pierce*, 823 F.2d 1114, 1122 (7th Cir. 1987) ("Section 1983 may be used as a vehicle for suing state housing officials, such as the head of [a state housing agency], for [the deprivation of] rights under federal housing law.").

Still, Collins' allegations do not fit into this framework.  To start, her allegations do not suggest Housing Initiatives may be sued under § 1983.  To prevail on a claim under § 1983, a plaintiff must prove (1) he was deprived of a federal right (2) by a person acting under color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Alvarado v. Litscher*,

3

267 F.3d 648, 651 (7th Cir. 2001).  A private party may be liable under § 1983 if (1) the government "effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision"; or (2) the government delegates a public function to the private party.  *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 28 (7th Cir. 1999).  Collins has not alleged that Housing Initiatives' actions were directed by any governmental entity or that the government delegated a public function to it.

More importantly, even assuming Housing Initiatives may be sued under § 1983 because it receives federal or local funding to provides housing assistance, Collins' allegations do not suggest that she or her husband were ever recipients of a Section 8 housing voucher.  Rather, it appears that Housing Initiatives operates a private program that provides rent assistance to individuals that have mental health issues.  Given that Collins has not alleged that she was a Section 8 voucher recipient, it would be unreasonable to infer that Housing Initiatives failure to reimburse 30% of their rent implicates her constitutional due process rights.  In any event, Collins' allegations about the court proceeding she attended suggest that, to the extent Housing Initiatives was responsible for terminating Collins' housing voucher, she received adequate notice and opportunity to object.  If the court is mistaken, and Collins *did* have a Section 8 voucher and Housing Initiatives was somehow responsible for terminating her federal housing assistance, she may file an amended complaint that sets forth those allegations.  If Collins submits a proposed amended complaint by **January 5, 2022**, the court will screen it as required by

4

§ 1915(e)(2).  Otherwise, the court will dismiss this case without prejudice for lack of subject matter jurisdiction.


ORDER

IT IS ORDERED that:

1)  Plaintiff Janie Mae Collin's complaint is DISMISSED without prejudice.

2)  Plaintiff has until **January 5, 2022**, to file an amended complaint that establishes this court's subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff is advised that if she fails to file an amended complaint by that deadline, the court will dismiss this lawsuit without prejudice for lack of subject matter jurisdiction.


Entered this 14th day of December, 2021.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge